NO. 07-01-0070-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 1, 2001

_____

JAMES BISHOP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433944; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to a plea of not guilty, appellant James Bishop was convicted of harassment by persons in certain correctional facilities, Tex. Pen. Code Ann. 22.11 (Vernon Supp. 2001), and punishment was assessed by the court at ten years confinement. Presenting a sole issue on appeal, appellant contends the trial court erred in overruling his plea to the jurisdiction of the 364th District Court of Lubbock County. Based upon the rationale expressed herein, we affirm.

On or about March 5, 2000, while still a juvenile, appellant harassed a pharmacy technician who was distributing medication at the county jail by throwing urine on him. On June 16, 2000, the 137th District Court of Lubbock County waived its juvenile jurisdiction and transferred the case by written order to the 140th District Court. Shortly before that date, on June 1, 2000, the Honorable Bradley S. Underwood, acting in his capacity as local administrative judge, signed an order entitled Order of the District Courts Respecting Filing of Criminal Cases, which provides:

> [p]ursuant to an agreement by and between the District Courts of Lubbock County, Texas, effective June 1, 2000, the District Clerk of Lubbock County, Texas, will file all new criminal cases, other than capital murder cases, on a random basis among the 137[th] District Court, the 140[th] District Court, and the 364[th] District Court, utilizing a computer software program designed for this purpose. Said software program will ensure that each of the three (3) District Courts will be assigned an equal number of criminal cases on a random basis. Capital Murder indictments will be assigned to the three (3) District Courts above on a rotating basis.

The above order was filed on June 1, 2000, and appellant was indicted on June 21, 2000, and arraigned a week later in the 364th District Court.

On October 20, 2000, the judge of the 364th District Court heard pretrial motions on other matters unrelated to this appeal. At that time defense counsel questioned whether appellant had been transferred from the 140th District Court to the 364th District Court by proper procedure. The trial court responded, "file whatever motion you think you need to file to contest that, but it's currently set for trial on November 1st, which is coming up pretty quick." On November 1, just prior to commencement of trial, defense counsel

2

presented a plea to the jurisdiction urging that the 364th District Court did not have jurisdiction over appellant because the 140th District Court had not transferred the case to the 364th District Court.[1] The State argued that after the 137th District Court waived its juvenile jurisdiction, appellant was properly indicted into the 364th District Court. The Court denied appellant's plea to the jurisdiction reasoning that appellant's indictment in the 364th District Court was dispositive of the jurisdictional issue, and that once the juvenile court waived jurisdiction, any district court of Lubbock County could obtain jurisdiction.

Appellant does not contend that the 364th District Court did not have subject matter jurisdiction; rather his sole contention on appeal is that the 364th District Court did not have jurisdiction over him. He requests that his conviction be reversed and the cause remanded to the 140th District Court. Pursuant to the Texas Family Code, juvenile jurisdiction was waived and appellant was transferred to the 140th District Court by written order. Tex. Fam. Code Ann. § 54.02 (Vernon Supp. 2001). Appellant contends that the language of section 54.02(a) permitting a transfer to "the appropriate district court" implies that jurisdiction over a juvenile can only be transferred to one appropriate court. Relying on section 24.303(a) of the Texas Government Code Annotated (Vernon 1988), which deals with transfer of cases, he asserts that any transfer must be made in writing or recorded. Thus, he contends that although a written order transferred the case to the 140th District Court when juvenile jurisdiction was waived, no written order was rendered transferring his

---

[1]Although appellant argued his plea to the jurisdiction on November 1, the plea was not filed with the district clerk until November 3.

case from the 140th District Court to the 364th District Court.  He concludes the 364th District Court had no jurisdiction to indict or try him.  We disagree.

Section 74.093 of the Texas Government Code Annotated (Vernon 1998) provides that the district judges in each county shall, by majority vote, adopt rules of administration to provide for a fair and equitable division of the caseloads among the district courts in the county. In addition, section 74.092 authorizes the local administrative judge to execute the local rules of administration, including the assignment, docketing, transfer, and hearing of cases.  Based on these sections, we conclude that the written order entitled Order of the District Courts of Lubbock County, Texas signed and filed June 1, 2000, providing for the random filing of new criminal cases among the 137th, 140th, and 364th District Courts constitutes an effective transfer order authorizing appellant's indictment and trial in the 364th District Court.  Appellant's sole issue is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Do not publish.

4